UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | | |
|---|---|---|
| RICKY WALTER DENTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6: 12-231-KKC |
| | ) | |
| V. | ) | |
| | ) | |
| WARDEN OF USP-MCCREARY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Ricky Denton is a prisoner incarcerated at the United States Penitentiary - McCreary in Pine Knot, Kentucky.  Proceeding without an attorney, Denton has filed a civil rights action under *Bivens v. Six  Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  [R. 1]  The Court has granted Denton's motion to pay the filing fee in installments by prior order.

The Court must conduct a preliminary review of Denton's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials.  28 U.S.C. §§ 1915(e)(2), 1915A.  A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).  The Court evaluates Denton's complaint under a more lenient standard because he is not represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

**I**

On March 2, 2011, Denton was indicted on one count of armed bank robbery and one count of carrying a firearm during the commission of a crime of violence. *United States v. Denton*, No. 3:11-CR-054-SLB (N.D. Ala. 2011) (*Denton I*). On March 30, 2011, Denton was indicted on multiple counts of engaging in an extensive scheme to defraud the United States by filing false income tax returns. *United States v. Denton*, No. 3:11-CR-098-IPJ (N.D. Ala. 2011) (*Denton II*). In both cases, Denton was permitted to represent himself during the trial proceedings with the assistance of standby counsel.

On July 28, 2011, a jury found Denton guilty of both counts in *Denton I*. Denton reached a plea agreement with the United States in *Denton II* on August 11, 2011, but subsequently sought - without success - to withdraw his guilty plea. On January 25, 2012, in *Denton II* the court sentenced Denton to a seventy-month term of incarceration to run concurrently with separate state charges and with the as-yet unimposed sentence in *Denton I*. On March 2, 2012, in *Denton I* the court sentenced Denton to a cumulative 246-month term of incarceration to be served consecutively to any state sentence but concurrently with the sentence imposed in *Denton II*.

Denton appealed both convictions to the Eleventh Circuit. On May 1, 2012, the trial court granted Denton's motion to represent himself in both appeals. Notwithstanding that order, on June 15, 2012, the Eleventh Circuit ordered that counsel be appointed to represent Denton in his appeal from *Denton II*. *United States v. Denton*, No. 12-10454 (11th Cir. 2012). Denton's appeal in *Denton I* was dismissed for failure to prosecute on August 9, 2012, after he failed to file a timely appellate brief. The Eleventh Circuit granted his motion to reinstate the appeal on September 12, 2012, but in so doing ordered that counsel be appointed to represent him on appeal. *United States v. Denton*, No. 11-14663 (11th Cir. 2011).

On November 20, 2012, the Eleventh Circuit denied Denton's motions requesting reconsideration and to proceed *pro se* on appeal, and directed that any further briefing or motions filed by Denton himself be returned unfiled.  Briefing in the appeal from *Denton I* was completed upon filing of Denton's reply brief on March 15, 2013, by his appointed counsel.  Briefing is ongoing in the appeal from *Denton II* following the Eleventh Circuit's May 14, 2013, denial of Denton's motion to dismiss his appointed counsel.

Contemporaneously with the Eleventh Circuit's denial of Denton's motion to reconsider his request to proceed *pro se* in both of his appeals, he filed his *Bivens* action in this Court.  In his original complaint, Denton alleged that upon his arrival at USP-McCreary, prison officials confiscated certain documents from his legal files, including his presentence report ("PSR") and his objections to it.  [R. 1, p. 2]  Denton asserted that, because he was representing himself on direct appeal from his criminal convictions, depriving him of access to these files violated his rights under the First, Fourth, and Fifth Amendments.  *Id*. at 4.  Denton sought a court order compelling prison staff to return the files to him.  *Id*. at 8.

The Court denied Denton's request for injunctive relief on November 28, 2012, noting that his official capacity *Bivens* claim against the warden was fatally defective, and that he had failed to demonstrate any likelihood of success on the merits of his claims.  [R. 4]  Denton sought to amend his complaint as a matter of right to sue the federal warden under 42 U.S.C. § 1983 on a theory of supervisory liability, in addition to seeking reconsideration of his request for court-ordered access to his PSR.  [R. 5]  The Court granted Denton's request to amend his complaint, but denied his renewed request for injunctive relief, noting that his amended complaint again failed to state a viable cause of action against the warden and that the merits of his right-of-access claim were questionable where he was represented by appointed counsel on appeal.  [R. 8]

Denton has filed a motion to amend his complaint for a second time to assert claims that (1) the United States, through the Bureau of Prisons ("BOP"), is enforcing a policy which prohibits him from accessing his PSR; (2) the warden, through his employees, is preventing him from accessing his PSR through a "security ruse"; (3) under *Bivens* he is entitled to injunctive relief against the United States to require access to his PSR while his appeal is pending; and (4) the Sixth Amendment guarantees his right to represent himself on direct appeal.  [R. 12]

Because the defendant has not yet been served with process, the Court will grant Denton's request to amend his complaint a second time pursuant to Fed. R. Civ. P. 15(a)(2), and conduct its initial screening of his original complaint [R. 1], as amended [R. 5, 12].

## II

The Supreme Court has made clear that "it is now established beyond doubt that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1972).  The Constitution does not require that such access be provided in any particular manner - such as through the provision of paper and pen, access to legal research materials, or funding for court-appointed counsel - only that such access must be meaningful.  *Id.* at 825-26.  To show a violation of this right under the Fifth Amendment, the prisoner must show actual injury arising directly from the alleged deprivation to a non-frivolous claim concerning his conviction or prison conditions, such as missing a court-imposed deadline for filing a brief.  *Lewis v. Casey*, 518 U.S. 343, 351-55 (1996); *Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999).

Denton's right-of-access claims, apart from their procedural shortcomings, fail to state a claim upon which relief can be granted.  First, because Denton is represent by court-appointed counsel in both of his direct appeals in the Eleventh Circuit, his right of access to the courts is fully protected.  *Cooper v. Shelby County Justice Center*, No. 99-6365, 2000 WL 924604, at *2 (6th Cir.

June 26, 2000) ("Since counsel was appointed to represent Cooper in the pending criminal proceedings, his access to the court has been protected."); *Wilson v. Porter*, 2000 WL 332060, at *2 (6th Cir. March 22, 2000) (same); *Smith v. County of Santa Clara*, 223 F. App'x 701 (9th Cir. 2007). The fact that Denton has objected to the Eleventh Circuit's order appointing counsel to act on his behalf does not change this result. *United States v. Byrd*, 208 F.3d 592, 593-94 (7th Cir. 2000) ("The rule is that [the defendant] has the right to legal help through appointed counsel, and when he declines that help, other alternative rights, like access to a law library, do not spring up.").

Second, even if Denton were not represented by counsel, he has not demonstrated that BOP policy, which permits him to review his PSR but not to retain a copy of it in his cell, has caused him any actual injury in his direct appeals. Denton's court-appointed counsel has completed the appellate briefing in *Denton I*, and is awaiting the government's response before filing a reply brief in *Denton II*. Having failed to allege, let alone demonstrate, injury arising from application of the Bureau's policy, Denton fails to state a viable claim. *Millhouse v. Arbasak*, 373 F. App'x 135, 137 (3d Cir. 2010) (failure to plead any injury from alleged denial of access to the law library fails to state right-of-access claim); *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007) ("a prisoner must establish ... actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim."). Further, BOP Program Statement 1351.05(d)(1) permits federal inmates to review their PSRs as part of the disclosable portion of the inmate's Central File. Courts have found this policy compatible with a prisoner's right of access to the courts. *Cf. Francis v. Johns*, No. 5:11-CT-3005-FL, 2013 WL 1309285, at *8 (E.D.N.C. Mar. 28, 2013) (upholding BOP staff's removal of PSR from inmate's mail pursuant to § 1351.05); *Keys v. Dept. of Homeland Security*, 570 F. Supp. 2d 59, 71 (D.D.C. 2008).

Accordingly, **IT IS ORDERED** that:

1.      Denton's "Motion to Amend Complaint - 2nd Amendment" [R. 12] is **GRANTED**.

2.      Denton's complaint, as amended, is **DISMISSED WITH PREJUDICE**.

3.      Denton's "Motion for Court to Order the Complaint Served By United States Marshals" [R. 10] is **DENIED AS MOOT**.

4.      The Court will enter an appropriate judgment.

5.      This matter is **STRICKEN** from the active docket.

This the 31st day of May, 2013.

**Signed By:**

_**Karen K. Caldwell**_

**United States District Judge**